W. H. BECKWITH, AND OTHERS, *Plaintiffs in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, A COR-PORATION, *Defendant in Error*.

Opinion Filed Dec. 19, 1916.

By voluntarily parting with the physical possession of the freight, a Common Carrier loses its lien therein.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*McKay, Withers & Phipps*, for Plaintiffs in Error;

*Sparkman & Carter*, for Defendant in Error.

PER CURIAM.—This action arose out of these facts: There was a shipment of machinery from New York, *via* Clyde Steamship Company and the Atlantic Coast Line Railroad Company, to the plaintiffs in error at Harney, Florida. A large portion of this machinery was delivered to the consignees at the platform at Harney, as freight was usually delivered to them. A dispute arose as to whether the consignees should pay the freight upon the small portion of the freight that was lost in transit, the consignees refusing finally to pay the freight upon the portion so lost. The freight so delivered remained by consent of both parties upon the platform for the period of three days, whereupon the railroad company without notice to the consignees took away the machinery and subsequently sold it under a so-called "Old Hoss Sale" of unclaimed freight for freight and warehouse charges.

While many interesting questions are presented on the record, we think the agreed statement of facts clearly indicate that the railroad company had voluntarily parted with the physical possession of the freight and thereby lost its lien, dependent upon such possession. Though it is not clear that the platform upon which this machinery was placed belonged to the consignees, the inference points that. way. The "delivery" was according to the usual "custom" for deliveries to these consignees.

The judgment is reversed.

ALL CONCUR.